Nathan P. Roberts, WSBA No. 40457
Meaghan M. Driscoll, WSBA No. 49863
Connelly Law Offices, PLLC
2301 N. 30th Street
Tacoma, WA 98403
Ph: (253) 593-5100

William C. Maxey, WSBA No. 6232
Mark J. Harris, WSBA No. 31720
Maxey and Harris, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph: (509) 828-4936

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Estate of BENJAMIN LEE GROSSER, deceased, by and through MAKAYLA MARIE MOODY, individually, as Personal Representative, and as guardian of K.G. and J.G.,

Plaintiffs,

v.

SPOKANE COUNTY, Washington, a municipal corporation d/b/a SPOKANE COUNTY SHERIFF'S OFFICE; OZZIE KNEZOVICH; and JAMES REED,

Defendants.

No. 2:22-cv-97

**COMPLAINT**

**JURY DEMAND**

COME NOW, the above-named Plaintiffs, by and through their attorneys of record, Nathan P. Roberts and Meaghan M. Driscoll of Connelly Law Offices, PLLC and William C. Maxey and Mark J. Harris of Maxey and Harris,

COMPLAINT - 1 of 20
(Cause No. 2:22-cv-97)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

PLLC, and by way of claim aver and allege on personal knowledge as to their own actions, and on information and belief as to all other matters, as follows:

## I.    PARTIES

1.      Benjamin Grosser was a husband and father of two young children who was shot and killed as a result of the actions and omissions of Defendants. Plaintiff MAKAYLA MARIE MOODY (f/k/a Makayla Grosser) is the widow of Benjamin Grosser and a resident of Spokane County, Washington. She brings this action as the duly-appointed Personal Representative of the ESTATE OF BENJAMIN LEE GROSSER, on behalf of the Estate and the surviving statutory beneficiaries of Benjamin Lee Grosser.  She also brings claims on behalf of K.G. and J.G., the minor children of herself and Benjamin Lee Grosser.  Finally, MAKAYLA MOODY brings this action individually for damages suffered as a result of Defendants' actions and omissions.

2.      Defendant Spokane County is a municipality within the State of Washington. Spokane County maintains the Spokane County Sheriff's Office, which is a municipal agency. The civil rights violations delineated herein were proximately caused by its customs, policies, practices, ratification of misconduct, and usages. The stated mission of the Sheriff's Office is to "deliver the premier level of public safety through integrity, training, diverse capability, innovation, accountability, and respect for all." Defendant Spokane County is

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

referred to herein as "Spokane County" or "Spokane County Sheriff's Office."

3.      Defendant Ozzie Knezovich was, at all times material hereto, the duly-elected and acting Sheriff of Spokane County, Washington, responsible for the formulation and implementation of directives and policies relating to the conduct of officers employed by the Spokane County Sheriff's Department.  He is named in both his individual and official capacity. All acts and omissions on the part of Defendant Knezovich alleged herein were performed within the scope of his official duties as Sheriff of Spokane County and under color of law.

4.      Defendant James Reed was a Spokane County Sheriff's Deputy, acting under color of law, at all relevant times herein.

## II.     JURISDICTION & VENUE

5.      This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within the Eastern District of Washington.

## III.    STATEMENT OF FACTS

7.      Defendant Spokane County Sheriff's Office and its deputies have a duty to ensure the safety of the public - particularly those reporting threats and

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

violence - and to refrain from actions which directly expose any victim to increased risk of harm.

8.     Defendants Spokane County Sheriff's Office and its deputies have a duty to refrain from depriving Plaintiffs of their constitutional rights.

9.     Defendant Spokane County Sheriff's Office owes a duty to have and follow reasonable policies, procedures, and protocols which should be designed to encourage consistent enforcement of the law and the furtherance of public safety.

10.     Defendant Spokane County Sheriff's Office also owes a duty to properly train and supervise its employees on policies, procedures, and protocols, so as to encourage consistent enforcement of the law and the furtherance of public safety.

11.     This case arises from the Defendants' breach of those duties, and their abject failure to protect the public.

12.     On May 30, 2019, Spokane County dispatch received a 9-1-1 call reporting a "road rage" incident where an angry and intoxicated driver had pointed a gun at the occupants of another vehicle and had threatened them with it.

13.     The location of the incident was 7611 E. Bigelow Gulch Road. This property was owned by Benjamin and Makayla Grosser; both their family

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

home and their home-based landscaping business, "Jammin' Enterprises," were located on the property.

14.    As he left the scene, the irate perpetrator called Benjamin Grosser and left him the following voicemail: "Benjamin, I'm your neighbor next door on Bigelow Gulch. Your employees cut me off on the fucking road. Were so fucking rude to me. I got my gun out and was about ready to shoot the motherfuckers. You get this fucking shit straightened out. I'm gonna fucking (unintelligible) on you."

15.    After the victims of the road rage incident had called 9-1-1, but before Defendant's deputy arrived, the perpetrator of the road rage incident also called "crime check" (Spokane County's non-emergency dispatch number) to make his own report.

16.    In his conversation with the crime check dispatcher, the perpetrator made clear that the source of his anger was his neighbor and his landscaping company, which he claimed was employing "a bunch of illegals."  The perpetrator admitted to "confronting them" and noted that when he had "cut in front of them," he had his gun out and "almost shot them."  He also noted that he had "called the owner of the company" and spoken with him to discuss the allegation that the owner's business had "a bunch of illegals" or "mixed race" people on his property.

COMPLAINT - 5 of 20

17.    The perpetrator identified himself as David Cholewinski.  He told the dispatcher that his complaints arose at the property "just to the east of him" and that the property was owned by "Ben Grosner," (sic) a landscaper.  He also confirmed his neighbor's address as 7611 E. Bigelow Gulch Road.

18.    When asked "what race do you think they are," in reference to the employees he had been in the dispute with earlier, the perpetrator indicated, "they're Latino…definitely Latino" and stated they were 20-25 years-of-age. The perpetrator stated his belief that the property and business owner, Ben Grosser, had "illegals" living in his house—they "got all of the illegals in there, running a business out of it."

19.    Toward the end of the call, the perpetrator again noted that the subject of his grievance was with the person next door, that his name was Ben Grosser, and that he owned "Jammin' Enterprises."

20.    Defendant Spokane County dispatched a deputy to respond to the property owned by Benjamin and Makayla Grosser, 7611 E. Bigelow Gulch Road.

21.    The information about the nature of the perpetrator's reported grievance, as well as the racial animus behind it, was likely communicated to the responding deputy over the radio and also via the Computer Aided Dispatch (CAD) system, which is linked to the computer in the deputy's police vehicle.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

22.    The CAD data, which was recorded electronically, stated in relevant part that "there are at least 2 [Hispanic males] aged 20-25 [years-old] living in the front building of the landscaping business. the owner is grosser, ben. [complainant] would like [law enforcement] cc about these people who have cut him off in [vehicles], have been menacing and [complainant] feels threatening him."

23.    On arrival, the assigned Spokane Sheriff Deputy (James Reed) learned that the intoxicated and enraged driver had followed a Jammin' Enterprises truck back to the Grosser property after the perpetrator perceived the work truck had cut him off while driving.  At the time of the incident, several Jammin' employees were in the vehicle returning to the business location after completing a job.

24.    The deputy learned that the perpetrator had been yelling loudly and was visibly intoxicated and incredibly enraged. He also learned that, during the initial confrontation, the perpetrator had repeatedly and aggressively demanded to speak with Ben Grosser, the owner of the company.

25.    The deputy was also informed that the perpetrator had pulled out a gun and pointed it directly at one or more of the Jammin Enterprises employees he had been speaking with.

26.    The deputy was further informed that the perpetrator had also

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

pointed his gun at each of the Jammin' employees before leaving the scene. From the driver's seat of the truck, he had continued to point the gun at the employees as he drove away, ultimately parking at his home next door.

27.    The deputy confirmed that the perpetrator was the next-door neighbor, David Cholewinski, who was standing in plain view on the porch of the adjacent home.

28.    While the deputy was interviewing the victims of the incident, the perpetrator could be heard next door yelling "I should have shot the little bastard."

29.    The deputy learned that the perpetrator on at least one prior occasion had entered the Grosser property and pulled out his gun on bystanders.

30.    While the deputy was interviewing the victims of the road rage incident, the perpetrator (Mr. Cholewinski) again called crime check dispatch. The perpetrator indicated he could see the deputy next door "speaking to a bunch of Latinos," and encouraged the dispatcher to have the deputy to "drive next door to him," stop by his house, and tell him "what's really going on." This additional information was provided to the deputy, likely via radio but also via the CAD.

31.    After speaking with the Jammin' Enterprises employees, the deputy went next door to speak with Cholewinski.

COMPLAINT - 8 of 20

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

32.    The deputy noted Cholewinski appeared intoxicated, had slurred speech, red eyes, and difficulty completing sentences, and was continuing to drink alcohol.

33.    Cholewinski admitted to the deputy that he had pulled a black semi-automatic pistol on the Jammin Enterprises employees.  When asked why he had pulled out his firearm, the perpetrator failed to provide any lawful or reasonable justification for doing so.  He stated only that "I always pull it out. Goofy shit happens. Goofy shit by the Mexicans." The perpetrator went on to ask the deputy if he had identified all of the "illegal Mexicans " at his next-door neighbor's business.

34.    Unfortunately, due to inadequate policies and procedures by the Spokane County Sheriff's Department, and inadequate ongoing training, the deputy did not believe he could or should arrest the perpetrator for any felony and did not believe he could or should book him into jail on any misdemeanor.

35.    The deputy instead believed he only had probable cause that Cholewinski committed the misdemeanor crime of brandishing a firearm, and he issued him a citation for that charge.  The perpetrator was not arrested and booked into jail, nor was he separated from his firearms, his motor vehicle, the alcohol he continued to drink in the deputy's presence, or the individuals on the neighboring property he had previously threatened.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

36.    When the deputy informed Cholewinski that he was being charged with a crime, Cholewinski became even angrier than he was when the deputy has first arrived on-scene.

37.    In fact, Mr. Cholewinski became visibly "enraged" (as described in the sworn statement of probable cause later submitted by Defendant to the Superior Court in support of a search warrant).

38.    The deputy then left the scene without taking further action—leaving a greatly-angered and highly intoxicated Cholewinski with continued access to alcohol, his vehicle, and his firearms.  The time was approximately 5:55pm.

39.    As the deputy was leaving the scene, Cholewinski vowed to fight the charges and furiously slammed the door.

40.    Due to inadequate policies and procedures by the Spokane County Sheriff's Department, and inadequate ongoing training, the deputy failed to ask the perpetrator how much alcohol he had consumed that day, where he had been consuming it, when he had started drinking, and whether he had been drinking and driving of the time of the road rage incident.

41.    Due to inadequate policies and procedures by the Spokane County Sheriff's Department, and inadequate ongoing training, the deputy failed to do anything to restrict the perpetrator's ongoing access to alcohol, firearms, or his

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

motor vehicles prior to leaving the scene.

42.    Due to inadequate policies and procedures by the Spokane County Sheriff's Department, and inadequate ongoing training, the deputy failed to contact his supervisor and failed to consult with others who might have been able to assist his decision-making, or correct his misunderstanding about the available legal options for separating the perpetrator from his firearms (and his neighbor) long enough to sober up.

43.    Due to inadequate policies and procedures by the Spokane County Sheriff's Department, and inadequate ongoing training, the deputy failed to take any steps to de-escalate the matter, or to otherwise protect Benjamin and Makayla Grosser, the original victims, or other members of the public.

44.    Due to inadequate policies and procedures by the Spokane County Sheriff's Department, and inadequate ongoing training, the deputy failed to make further contact with the original victims of the crime, failed to speak to the owner of the adjacent property and business, failed to warn them that the perpetrator was still drunk, armed, and dangerous, and failed to alert them to the fact that he had been further angered by the deputy's decision to "cite and release" him following the road rage incident.

45.    The deputy's actions—including contacting, interviewing, "citing and releasing" Cholewinski, choosing to inform Cholewinski he was under

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

arrest yet not detaining him, and then leaving the volatile scene when Cholewinksi was intoxicated, armed, and further enraged—subjected Benjamin & Makayla Grosser, their family, and their employees to a markedly increased risk of danger.

46.     The root cause of the deputy's actions was inadequate policy, procedure, and ongoing training by the Spokane County Sheriff.

47.     Less than ten minutes later, at approximately 6:05 p.m., a predictable horror unfolded.   A drunken Cholewinski, still armed and more infuriated and intoxicated than when the deputy had first arrived, began shooting at his neighbors and their property.

48.     Benjamin Grosser managed to lock his house from the outside to protect his wife and children and warned his wife to take their children deep into the house for protection.   Makayla was forced to hide upstairs with her children as gunshots rang out and bullets struck the family home.

49.     Cholewinski approached Benjamin Grosser and shot him once in the side.   Mr. Grosser was on the phone with 9-1-1 as this was occurring.   On that recording, Benjamin Grosser can be heard telling Makayla to go inside the house.   The final exchange between Mr. Grosser and Mr. Cholewinski was also captured on the recording, during which Mr. Cholewinski confirms that he had been further angered by the involvement of the Spokane County Deputy (and,

COMPLAINT - 12 of 20

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

presumably, the misdemeanor citation that had been issued):

Grosser: "Please don't, I didn't do anything.  I did not do anything.  Please."

[GUNSHOT]

Grosser: "Please Don't"

[GUNSHOT]

Grosser: "Please stop."

Cholewinski (DC): "Fuck you all, Ben."

Grosser: "Please stop. Did you mean to hit me?"

Cholewinski: "I didn't wanna hit you."

Grosser: "Well you hit me."

Cholewinski: "Why'd you do this to me?"

Grosser: "I didn't do anything."

Cholewinski: "(unintelligible) the cops showing up, this (unintelligible) you want the fucking (unintelligible) gonna shoot me."

Grosser: "No, there's nobody gonna shoot you. Please don't."

[GUNSHOT]

Grosser: "Please. Please"

[GUNSHOT – Mr. Grosser then goes silent, except for his breathing]

50.    Benjamin Grosser survived the initial gunshots, but he was mortally wounded.  After the shooting stopped, Makayla emerged from the family home

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

to find her husband alive but bleeding from his wounds. She attempted to stop the bleeding, comforted Ben, and stayed with him until medics arrived.

51.    On June 24, 2019, Plaintiff filed a request for records with Defendant Spokane County, requesting—among other things—all "audio recordings" related to the shooting.

52.    Nevertheless, and subsequent to receiving the request, Spokane County destroyed the audio recordings of radio traffic, erasing all record of what information was relayed between dispatch, the involved sheriff's deputy, and others involved in the incident.

## IV.    STATUTORY COMPLIANCE

53.    More than sixty days prior to the commencement of this suit, Plaintiff, individually and as Personal Representative of the Estate of Benjamin Lee Grosser, served her administrative claim for damages on Defendant Spokane County.

54.    Any prerequisites to the maintenance of this action imposed by RCW 4.96 have therefore been satisfied.

## V.    FIRST CAUSE OF ACTION – 42 U.S.C. § 1983

55.    At all times material, Defendants Reed and Knezovich, acting under color of state law and in their individual capacities, had a duty to refrain from depriving Plaintiffs of their constitutional rights.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

56.    By virtue of the facts set forth above, Defendants Reed and Knezovich are liable for compensatory and punitive damages for deprivation of the civil rights of Plaintiffs guaranteed by the Constitution of the United States and 42 U.S.C. § 1983, to be free from state-created danger and other violations of their Constitutionally-guaranteed rights.

57.    By virtue of the facts set forth above, Defendant Spokane County is liable for deprivation of the civil rights of Plaintiffs guaranteed by the Constitution of the United States and 42 U.S.C. § 1983, to be free from state-created danger and other violations of their Constitutionally guaranteed rights.

58.    Defendants' affirmative conduct created and enhanced specific, serious, immediate, and known danger to Benjamin Lee Grosser. Defendants acted with deliberate indifference, recklessly, and in conscious disregard of these obvious and known risks.  Their conduct shocks the conscience.

59.    Acting under color of law, Defendant Ozzie Knezovich, Spokane County, and their policy makers acted with deliberate indifference for Plaintiffs' Constitutional rights by failing to promulgate, issue and enforce appropriate policies, procedures, and regulations concerning enforcement of the law, investigating and identifying probable cause for crimes, arrests, detention, and de-escalation of armed, intoxicated, and enraged individuals.

60.    The conduct of Defendant Ozzie Knezovich and Defendant

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Spokane County constitutes a deliberately indifferent failure to provide adequate ongoing training and supervision of James Reed in the performance of his duties as a Deputy Sheriff, a failure for which Defendants are liable to Plaintiffs under 42 U.S.C. § 1983 for any and all damages proximately caused by such failure to train and/or supervise.

61.    The civil rights violations delineated herein were proximately caused by Defendant Spokane County's customs, policies, practices, ratification of misconduct, and usages.

62.    Through Defendants' actions as described above, they acted with reckless and deliberate indifference to the Constitutional rights of Benjamin Lee Grosser, his family, and the greater citizenry.

## VI.    SECOND CAUSE OF ACTION – NEGLIGENCE BY DEFENDANT SPOKANE COUNTY

63.    Defendant Spokane County had a duty to exercise ordinary care.

64.    Defendant Spokane County breached its duty as described above, and in other ways which may become known through the course of discovery.

65.    Defendant Spokane County had a duty to create, maintain, and enforce appropriate policies, procedures, practices, and guidelines for the provision of police services to the community and for compliance by its deputies.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

66.    Defendant Spokane County had a duty to use reasonable care in the ongoing training and supervision of Defendant Reed.

67.    Defendant Spokane County breached these duties, among others, and proximately caused damages to the Plaintiffs as a result.

68.    Plaintiff Makayla Moody was in the zone of danger created by Defendant's negligent conduct herein.  She was the spouse of the deceased Benjamin Lee Grosser and was physically present at the scene when he was shot by David Cholewinski, cradling her mortally-wounded husband in her arms while pleading with the 9-1-1 dispatcher for help and directions on life-saving techniques.  She suffered substantial damages as a direct and proximate result of Defendant's negligence.

69.    Defendant Spokane County is therefore liable to Plaintiff Makayla Moody for negligent infliction of emotional distress.

70.    As a direct and proximate result of Defendants' above-described wrongful actions, Benjamin Lee Grosser suffered significant pain, fear, trauma, great emotional distress, disfigurement, disability, damage to the parent-child and marital relationship, loss of consortium, loss of the ability to enjoy life, pre-death terror, and lost earning capacity and death. His estate suffered other special and general damages to be proven at trial.

71.    As a direct and proximate result of Defendants' above-described

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

wrongful actions, among others, including those set forth above and learned during discovery, Benjamin's children lost their father, his spouse lost her husband, and his entire family suffered substantial general and special damages in amounts to be proven at trial.

72.    As a direct and proximate result of Defendants' actions, Plaintiff Makayla Moody lost her husband, suffered loss of consortium, outrage, fear, anxiety, depression, trauma, emotional distress with objective symptoms, and other special and general damages in an amount to be proven at trial.

## VII.   THIRD CAUSE OF ACTION – P.R.A. VIOLATION BY DEFENDANT SPOKANE COUNTY

73.    Defendant Spokane County's decision to destroy the majority of the audio recordings in this case—despite a valid Public Records Act request for those recordings, constitutes both spoliation of evidence and also a violation of Washington's Public Records Act, RCW 42.56.

74.    Defendant Spokane County is therefore liable for attorneys' fees, costs, economic loss, and penalties for violation of the Public Records Act.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants, as follows:

75.    For compensatory general and special damages;

76.    For punitive damages on Plaintiffs' claims under 42 U.S.C. § 1983;

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

77.    For costs, including reasonable attorneys' fees and costs, under 42 U.S.C. § 1988 and RCW 42.56.550(4), and to the extent otherwise permitted by law;

78.    Compelling disclosure and production of all non-exempt documents and information requested in Plaintiffs' public records requests that have not been produced;

79.    For compensation and monetary penalties under RCW 42.56.550(4); and

80.    For such other relief as may be just and equitable.

## IX.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Washington Const., Art. 1, § 21, Plaintiff hereby demands a jury for all issues so triable.

DATED this 3rd day of May, 2022.

CONNELLY LAW OFFICES, PLLC

By_____
    Nathan P. Roberts, WSBA No. 40457
    Connelly Law Offices, PLLC
    2301 North 30th Street
    Tacoma, WA 98403
    Phone: (253) 593-5100
    Fax: (253) 593-0380
    E-mail: nroberts@connelly-law.com

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

CONNELLY LAW OFFICES, PLLC

By_____ _____
    Meaghan M. Driscoll, WSBA No. 49863
    Connelly Law Offices, PLLC
    2301 North 30th Street
    Tacoma, WA 98403
    Phone: (253) 593-5100
    Fax: (253) 593-0380
    E-mail: mdriscoll@connelly-law.com


MAXEY & HARRIS, PLLC

    */s/ William C. Maxey*
By_____
    William C. Maxey, WSBA No. 6232
    Maxey and Harris, PLLC
    1835 W. Broadway Ave.
    Spokane, WA 99201
    Phone: (509) 828-4936
    Fax: (509) 325-4490
    E-mail: tinas@maxeylaw.com


MAXEY & HARRIS, PLLC

    */s/ Mark J. Harris*
By_____
    Mark J. Harris, WSBA No. 31720
    Maxey and Harris, PLLC
    1835 W. Broadway Ave.
    Spokane, WA 99201
    Phone: (509) 828-4936
    Fax: (509) 325-4490
    E-mail: markh@maxeylaw.com

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax